IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL 705 INTERNATIONAL BROTHERHOOD )
OF TEAMSTERS HEALTH AND WELFARE )
FUND and JOSEPH BAKES, STEPHEN F.G. )
BRIDGE, JUAN CAMPOS, GREGORY R. )
FOSTER, WILLIAM KEENAN, JOHN )
NAUGHTON, STEPHEN E. POCZTOWSKI, and )
PHILLIP D. STANOCH, as Trustees, )          CIVIL ACTION
                                )               FILED: JULY 18, 2008
LOCAL 705 INTERNATIONAL BROTHER- )          NO.    08CV4083
HOOD OF TEAMSTERS PENSION FUND, )                  JUDGE LEFKOW
and JOSEPH BAKES, STEPHEN F.G. BRIDGE, )    JUDGE MAGISTRATE JUDGE SCHENKIER
JUAN CAMPOS, GREGORY R. FOSTER, )                  RCC
WILLIAM KEENAN, JOHN NAUGHTON, )
STEPHEN E. POCZTOWSKI, and PHILLIP D. )
STANOCH, as Trustees, )
                                )
                    Plaintiffs, )
                                )
              v.                )
                                )
ADEKUNLE A. ADEGBEMI,           )
                                )
                    Defendant.  )

**COMPLAINT**

The Plaintiffs, LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS

HEALTH & WELFARE FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN

CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E.

POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, and LOCAL 705 INTERNATIONAL

BROTHERHOOD OF TEAMSTERS PENSION FUND, and JOSEPH BAKES, STEPHEN F.G.

BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON,

STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, by their attorneys,

complaining of the Defendant, ADEKUNLE A. ADEGBEMI, allege as follows:

1.      This action arises under the statutory and federal common law of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* Jurisdiction is founded on the existence of questions arising thereunder pursuant to 28 U.S.C. § 1331.

2.      Plaintiffs, JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, bring this action in their capacity as Trustees of the LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, bring this action in their capacity as Trustees of the LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, which are "employee welfare benefit plans" and "plans" within the meaning of ERISA, Plaintiff Trustees being the now-acting fiduciaries thereof administering said employee welfare benefit and pension plans with this District. The employee welfare benefit and pension plans have been established pursuant to a collective bargaining agreement heretofore entered into between the Local 705 International Brotherhood of Teamsters and certain employers and employer associations whose members employ members of said Union, and is required to be maintained and administered in accordance with the provisions of the Labor-Management Relations Act of 1947, as amended, and ERISA.

3.      The Funds are administered and maintain their principal places of operations at 1645 West Jackson Boulevard, Chicago, Illinois 60612-3227.

4.      Defendant was a "participant" within the meaning of ERISA, eligible for benefits pursuant to the provisions of the Local 705 International Brotherhood of Teamsters Health and

Welfare Plan of the Local 705 International Brotherhood of Teamsters Health & Welfare Fund

hereinafter referred to as the "Plan") and is a participant within the meaning of ERISA, eligible for

benefits pursuant to the Local 705 International Brotherhood of Teamsters Pension Plan of the Local

705 International Brotherhood of Teamsters Pension Fund, at all relevant times as hereinafter more

fully appears.

5.       Pursuant to the terms of the Plan, Plaintiffs provide medical benefits for eligible

participants and their dependents to cover portions of the cost of medical bills, hospitalization

expenses, medical treatments, and medical supplies.  The basis upon which such benefits are to be

provided is set forth in the provisions of the Plan.

6.       On or about July 15, 2002, Defendant sustained a right ankle injury while working

for Airborne Express.

7.       On or about July 30, 2002, an Application for Adjustment of Claim (Application for

Benefits) was filed on behalf of Defendant with the Illinois Industrial Commission, n/k/a Illinois

Workers' Compensation Commission.

8.       On October 30, 2002, Defendant signed a "Reimbursement and Subrogation

Agreement" acknowledging that payments for medical expenses had been and would be made on

his behalf by the Plaintiffs under the provisions of the Health and Welfare Plan of the Local 705

International Brotherhood of Teamsters Health and Welfare Fund as a result of the ankle injury

sustained by Defendant in the work-related accident described in Paragraph 6 above. The Defendant

further agreed to reimburse the Plaintiffs in accordance with the Plan to the extent of any net

recovery of benefits paid by the Plaintiffs as a result of legal action or settlement.  (A copy of the

Reimbursement and Subrogation Agreement is attached hereto as Exhibit B.)

8.      The Plaintiffs paid $10,669.10 in medical expenses to or on behalf of Defendant for the ankle injury sustained in the work-related accident on or about July 15, 2002.  In addition, Defendant received $7,150.00 for short-term disability benefits.

9.      Fringe benefit contributions in the amount of $1,476.00 are due the Welfare Fund and $1,593.00 are due the Pension Fund on Defendant's behalf to cover his continued eligibility for benefits in those Funds during the period in which he was off work due to his work-related accident on July 15, 2002.

10.     On May 11, 2007, a settlement was approved by the Illinois Workers' Compensation Commission in the total amount of $30,000.00 on behalf of Defendant from Airborne Express.  After deduction for attorney's fees and costs, Defendant received a net recovery of $23,368.32.

11.     Despite numerous demands made upon the Defendant by counsel for the Plaintiffs, Defendant has failed and refused to reimburse the Plaintiffs for the payments made on his behalf as described in Paragraphs 8 and 9.

12.     Defendant's refusal to reimburse the Plaintiffs violates the provisions of the Plan and the terms of the Subrogation Agreement and unjustly enriches the Defendant.

WHEREFORE, Plaintiffs pray:

A.      That the Court enter judgment finding that the Defendant violated the terms and provisions of the Health and Welfare Plan of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund and the terms of the Reimbursement and Subrogation Agreement and Defendant has been unjustly enriched and Plaintiffs are entitled to restitution.

B.      That a constructive trust be created on Plaintiffs' behalf for the total amount of medical, disability and fringe benefit payments made by the Plaintiffs on behalf of Defendant in the total amount of $20,888.10.

C.      That judgment be entered finding that Plaintiffs may offset any future claims submitted by the Defendant, pursuant to the provisions of the Health and Welfare

Plan of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund, until the total amount of $20,888.10 is satisfied by offset and/or post-judgment proceedings.

D.     That the Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.


                                             /s/   Catherine M. Chapman


Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Telephone:  312/236-4316
Facsimile: 312/236-0241
E-mail: cchapman@baumsigman.com

I:\705w\Subro\Adegbemi\complaint.cmc.df.wpd